WILLIAM W. FLETCHER *v*. GEORGE L. FLETCHER.

October Term, 1901.

Heard with *Richardson* v. *Fletcher, ante.*

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed August 21, 1902.

*Penal Statutes—Duties of executor—Pleading.*

*Richardson* v. *Fletcher* being decisive of the questions herein, the defendant's demurrer is sustained for the reason therein assigned.

ACTION under V. S. 2359, to recover the penalty therein provided. Heard on the defendant's demurrer to the declaration at the June Term, 1901, *Start*, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepted.

*Hunton & Stickney* for the defendant.

*Gilbert A. Davis* and *George A. Weston* for the plaintiff.

WATSON, J. In this case the declaration is in substance the same as the declaration in *Richardson* v. *Fletcher*, (ante p. 417) except that the averments that the defendant did not signify to the Probate Court his acceptance of the trust and appointment as executor, nor make known in writing his re-

fusal; and that he did not, etc., give a satisfactory excuse to the Probate Court for his neglect to signify his acceptance, nor make known in writing his refusal, etc., are omitted, and in lieu thereof it is alleged: "And the plaintiff further avers that the said defendant did not at any time prior to or on the 5th day of July, 1898, nor at any time since said day give a satisfactory excuse to the said Probate Court for his aforesaid neglect to deliver," etc. This case is also here upon general and special demurrer to the declaration. The questions involved are determined in *Richardson* v. *Fletcher,* and it is unnecessary to consider them further.

*Demurrer sustained, declaration adjudged insufficient, and cause remanded.*

TAFT, C. J., deceased before this case was determined.